1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY BETHEL, | 1:12-CV-00969 GSA HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| P. COPENHAVER, Warden, | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |
| Respondent. / | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has consented to the exercise of magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

## BACKGROUND[1]

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. He challenges his 1996 conviction in the United States District Court for the Southern District of Georgia for conspiracy to possess with intent to distribute cocaine hydrochloride and cocaine base (21 U.S.C. § 846), two counts of distribution of cocaine base (21 U.S.C. § 841(a)(1)), and possession of a firearm by a felon (18 U.S.C. § 922(g)). He was sentenced to life imprisonment on the conspiracy count, 360 months on the distribution counts, and 120 months on the possession count. The sentences were ordered to be run concurrently.

---

[1]This information was derived from the petition for writ of habeas corpus.

1

1    Petitioner appealed to the Eleventh Circuit Court of Appeals.  On January 7, 2000, the

2  judgment was affirmed.  Petitioner then filed a petition for rehearing which was denied on April

3  20, 2000.

4    On December 15, 2000, Petitioner filed a motion to vacate, set aside or correct the

5  sentence pursuant to 28 U.S.C. § 2255 in the sentencing court.  See Bethel v. United States, case

6  no. 6:00-cv-00137 BAE (S.D. Ga.2001).[2]  On July 18, 2001, the motion was denied.  Petitioner

7  filed a motion for relief from judgment.  On September 14, 2001, the motion for relief was

8  denied.  Petitioner then appealed to the Eleventh Circuit Court of Appeals.  On April 8, 2002, the

9  judgment was affirmed.

10    Petitioner filed the instant petition for writ of habeas corpus on June 15, 2012.  Petitioner

11  argues that he was wrongfully sentenced to a term of life imprisonment, because the judge, not

12  the jury, improperly determined the type and quantity of the controlled substance.  He contends

13  he has not had an unobstructed procedural opportunity at presenting his claim, and he alleges he

14  is actually innocent.

15                                **DISCUSSION**

16    A federal prisoner who wishes to challenge the validity or constitutionality of his federal

17  conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence

18  under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also

19  Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), cert. denied, 549 U.S. 1313 (2007);

20  Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd

21  1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, only the

22  sentencing court has jurisdiction.  Tripati, 843 F.2d at 1163.  A prisoner may not collaterally

23  attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant

24  to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d

25

26    [2]The Court takes judicial notice of Bethel v. United States, case no. 6:00-cv-00137 BAE (S.D. Ga.2001).
This Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if
27  those proceedings have a direct relation to matters at issue."  U.S. ex rel. Robinson Rancheria Citizens Council v.
Borneo, Inc., 971 F.2d 244 (9th Cir.1992); see also MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986);
28  United States v. Wilson, 631 F.2d 118, 119 (9th cir. 1980).

1  at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

2          In contrast, a prisoner challenging the manner, location, or conditions of that sentence's

3  execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district

4  where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d

5  861, 864-65 (9th Cir.2000) (per curiam); Brown v. United States, 610 F.2d 672, 677 (9th Cir.

6  1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37

7  F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir.

8  1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921

9  F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir.

10  1987). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by

11  which a federal prisoner may test the legality of his detention, and that restrictions on the

12  availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241."

13  Stephens, 464 F.3d at 897 (citations omitted).

14          As Petitioner acknowledges, an exception exists by which a federal prisoner may seek

15  relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or

16  ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th

17  Cir.1997), quoting 28 U.S.C. § 2255; see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has

18  recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.) (as

19  amended), cert. denied, 540 U.S. 1051 (2003). The remedy under § 2255 usually will not be

20  deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a

21  remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a

22  court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843

23  F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition

24  inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d

25  582 (9th Cir.1956).

26          The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective'

27  remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1)

28  makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at

1   presenting the claim. <u>Stephens</u>, 464 F.3d at 898. The burden is on the petitioner to show that the

2   remedy is inadequate or ineffective. <u>Redfield v. United States</u>, 315 F.2d 76, 83 (9th Cir.1963).

3          In this case, Petitioner is challenging the validity and constitutionality of his federal

4   sentence imposed by the United States District Court for the Southern District of Georgia, rather

5   than an error in the administration of his sentence.  Therefore, the appropriate procedure would

6   be to file a motion pursuant to § 2255 in the Southern District of Georgia, not a habeas petition

7   pursuant to § 2241 in this Court.

8          Petitioner argues, however, that § 2255 is inadequate and ineffective, because he has not

9   had an unobstructed procedural opportunity to present his claim.  His argument is meritless, since

10  Petitioner has had at least four opportunities in presenting his claim.  In fact, he presented his

11  claim in his § 2255 motion before the sentencing court, in his motion for rehearing in the

12  sentencing court, and in his appeal from the denial of the § 2255 motion.  Petitioner attempts to

13  circumvent this fact by pointing to various Eleventh Circuit opinions which were not issued until

14  after he filed his § 2255 motion.  However, the basis for his claim is clearly the Supreme Court's

15  decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  In <u>Apprendi</u>, the Supreme Court held

16  that "any fact [other than a the fact of a prior conviction] that increases the penalty for a crime

17  beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a

18  reasonable doubt." <u>Apprendi</u>, 530 U.S. at 488-490.  Petitioner does not mention <u>Apprendi</u> in his

19  petition, but it is clear this is the foundation of his claim.  As previously stated, it is also clear

20  that the claim was presented on three separate occasions: the § 2255 motion; the motion for

21  rehearing; and the appeal of the § 2255 denial.  All were denied as procedurally barred because

22  Petitioner had failed to present his claims on direct appeal despite having the opportunity to do

23  so.  Any obstruction to relief on these three occasions can only be attributed to Petitioner.  Even

24  if the Court were to consider them to be obstructed procedural opportunities, it is clear, as the

25  Southern District of Georgia and the Eleventh Circuit Court of Appeals found, that Petitioner

26  could have presented the claim on direct appeal.  It is true that <u>Apprendi</u> was not decided until

27  after Petitioner's appeal was denied, but the argument that drug quantity is an offense element

28  under § 841(b), not a sentencing factor, was certainly available to Petitioner at the time of his

4

direct appeal.  See United States v. Sanders, 247 F.3d 139, 145-46 (4th Cir.2001); United States v. Smith, 241 F.3d 546, 548 (7th Cir.2001); Garrott v. United States, 238 F.3d 903, 905-06 (7th Cir.2001); United States v. Moss, 252 F.3d 993, 1002 (8th Cir.2001).  Thus, Petitioner had at least one clearly unobstructed procedural opportunity to present his claim, and he had three other opportunities where he did present his claim but the claim was rejected due to Petitioner's inaction.

Petitioner also argues he is actually innocent.  In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him.  Lorentsen, 223 F.3d at 954.

In this case, Petitioner does not assert that he is factually innocent of the crime for which he was convicted. Rather, he claims that the judge made determinations of the type and quantity of drugs for sentencing purposes in violation of Apprendi, and therefore, he is actually innocent of the sentence.  Under the savings clause, however, Petitioner must demonstrate that he is actually innocent of the crime for which he has been convicted, not the sentence imposed. See Ivy, 328 F.3d at 1060; Lorentsen, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction"); Edwards v. Daniels, 2006 U.S. Dist. LEXIS 94750, at *7, 2006 WL 3877525 (D.Or.2006) ("Petitioner's assertion that he is actually innocent of a portion of his sentence does not qualify him for the 'escape hatch' of § 2255 because he must allege that he is 'legally innocent of the crime for which he has been convicted,' not the sentence imposed."), adopted by Edwards v. Daniels, 2007 U.S. Dist. LEXIS 12356, 2007 WL 608115 (D.Or.2007). Therefore, the instant § 2241 petition does not fit within the exception to the general bar against using Section 2241 to collaterally

1   attack a conviction or sentence imposed by a federal court. See Lorentsen, 223 F.3d at 954

2   (declining to decide whether federal prisoners who are actually innocent may resort to Section

3   2241 when relief is not available under Section 2255 because the petitioner had not shown actual

4   innocence); see also Stephens, 464 F.3d at 898-99 (concluding that, although petitioner satisfied

5   the requirement of not having had an "unobstructed procedural shot" at presenting his

6   instructional error claim under Richardson v. United States, 526 U.S. 813, 119 (1999) because

7   the claim did not become available until Richardson was decided eight years after his first

8   Section 2255 motion had been denied and the claim did not satisfy the requirements for a second

9   or successive Section 2255 motion, petitioner could not satisfy the actual innocence requirement

10  as articulated in Bousley and, thus, failed to properly invoke the escape hatch exception of

11  Section 2255); Harrison, 519 F.3d at 959 ("[A] motion meets the escape hatch criteria of § 2255

12  'when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed

13  procedural shot at presenting that claim.'").

14          Accordingly, the Court concludes that Petitioner has not demonstrated that Section 2255

15  constitutes an "inadequate or ineffective" remedy for raising his claims.  Section 2241 is not the

16  proper statute for raising Petitioner's claims, and the petition must be dismissed for lack of

17  jurisdiction.

18                              **CERTIFICATE OF APPEALABILITY**

19          A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district

20  court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v.

21  Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a

22  certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

23           (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
             district judge, the final order shall be subject to review, on appeal, by the court
24           of appeals for the circuit in which the proceeding is held.

25           (b) There shall be no right of appeal from a final order in a proceeding to test the
             validity of a warrant to remove to another district or place for commitment or trial
26           a person charged with a criminal offense against the United States, or to test the
             validity of such person's detention pending removal proceedings.

27
28           (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an
                     appeal may not be taken to the court of appeals from–

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## ORDER

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED for lack of jurisdiction;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.


IT IS SO ORDERED.

**Dated:   July 6, 2012**                                  /s/ **Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE